Jasvir KAUR, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 03–74443.

United States Court of Appeals, Ninth Circuit.

Submitted June 17, 2005.*

Filed Jan. 13, 2009.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

144

TSZ–Hai Huang, Esquire, Hardeep Singh Rai, Esquire, Rai & Associates, PC, San Francisco, CA, for Petitioner.

John C. Cunningham, Esquire, Ann Carroll Varnon, Esquire, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: TALLMAN, BYBEE, and BEA, Circuit Judges.

MEMORANDUM **

Petitioner Jasvir Kaur seeks review of the decision by the Board of Immigration Appeals ("BIA") affirming without opinion the decision of the immigration judge ("IJ"). The IJ made an adverse credibility finding, and determined Kaur had failed to meet her burden of proof on her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

Adverse credibility findings are reviewed under the deferential substantial evidence standard and will be upheld unless the evidence compels a contrary result. *Tawadrus v. Ashcroft,* 364 F.3d 1099, 1102 (9th Cir.2004). Where the BIA affirms the decision of the IJ without opinion, the court treats the IJ's decision as the final agency determination. *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003).

Kaur's testimony at the hearing contained numerous inconsistencies and ambiguities—including as to her identity and political affiliation—that go to the heart of her claim, and substantial evidence thus supports the IJ's adverse credibility determination. Substantial evidence also supports the IJ's conclusion that Kaur failed to meet her burden of proof on her applications for asylum and withholding of removal.

Moreover, Kaur relies solely on her testimony, which was properly deemed incredible, in contending she established eligibility for relief under CAT. The record contains no other probative evidence suggesting it would be "more likely than not" that Kaur would be subject to torture if returned to India. Substantial evidence thus supports the IJ's conclusion Kaur failed to meet her burden of proof on her application for relief under CAT. *See Kamalthas v. INS,* 251 F.3d 1279, 1283–84 (9th Cir.2001).

**PETITION DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.